FILED'06 MAR 15 12:20USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WESTPORT INSURANCE CORPORATION,                Civil No. 05-6287-HO

    Plaintiff,                                 ORDER

    v.

HARVEST HOUSE PUBLISHERS, INC.,

    Defendant.

## Introduction

Plaintiff Westport Insurance Corporation (Westport) seeks judgment declaring that it has no duty to defend or indemnify defendant insured Harvest House Publishers, Inc. (Harvest House) in an underlying libel case, <u>The Local Church v. Harvest House Publishers</u>, No. 2001-65993, District Court, Harris County, Texas, 80th Judicial District (the Texas libel case). Harvest House counterclaims for judgment declaring that Westport has a duty to fully defend Harvest House in the Texas libel case, Westport's

liability for defense costs is "in addition to," and not out of the policy limit of liability, and Harvest House is entitled to be held harmless by Westport for any reduction in coverage claimed by National Casualty Company, with whom Westport agreed to share costs to defend Harvest House in the Texas libel case. Def's Reply Memo. at 19. The parties filed cross motions for summary judgment. The court holds that Westport has a duty to defend Harvest House in the Texas libel case, and the scope of the duty to defend includes the duty to pay all defense costs enumerated in the policy. Westport's motion for summary judgment is therefore denied, and Harvest House's motion for summary judgment is granted in part.

## Undisputed Facts

Westport issued a "Media Liability Insurance Policy for Print and Electronic Publishers" to Harvest House effective for the dates October 29, 1999 to October 29, 2000. Complaint, Ex. A (cover page). The policy provides Media Liability and Personal Injury Liability coverage, subject to exclusions. Id. at 1-2. The retention amount for each event is $10,000. Id. (cover page). The limit of liability for each event is $2,000,000.00. Id. Media Liability coverage provisions provide that Westport

> shall pay on behalf of the insured such "loss" in
> excess of the insured's retention and within the limit
> of liability . . . which the insured sustains by reason
> of liability imposed by law or "assumed under contract"
> for "damages" on account of injury sustained by any
> person or organization arising out of: (a) any

2 - ORDER

> defamation including libel or slander; . . . committed
> in the utterance, or dissemination of "matter" in works
> . . . first published, printed, distributed . . . or
> contracted for by the insured . . . during the policy
> period.

Complaint, ex. A at 1-2. "'Matter' means words, sounds, or images, made or to be made available to a mass public audience through the insured's publications, broadcasts, films or other forms of mass media[.]" Complaint, ex. A. at 9.

Personal Injury Liability coverage provisions provide that Westport

> shall pay on behalf of the insured such loss in excess
> of the retention and within the limit of liability
> stated in the Declarations which the insured sustains
> by reason of liability imposed by law or "assumed under
> contract" for "damages" on account of injury sustained
> by any person or organization arising out of: (a) any
> defamation including libel or slander; . . . committed
> during the policy period in the operation of the
> insured's publishing business, unless such act is
> covered under paragraph 1. [concerning Media Liability]
> above.

Id. at 2.

The policy further provides that Westport

> in the insured's name and behalf, shall have the duty
> to investigate, defend and conduct settlement
> negotiations in any claim or suit alleging any act or
> acts enumerated in Section I A Coverages, with respect
> to which this policy may be applicable, even if such
> claim or suit is groundless, false, fraudulent or for
> an amount less than the insured's retention.

Id. at 3. The policy further provides, "With respect to such insurance as is afforded by this policy, [Westport] shall pay, subject to the insured's retention and in addition to our limit

3 - ORDER

of liability," certain enumerated defense costs. Id. at 4.

Cancellation and Nonrenewel provisions provide in part,

> If we cancel or decline to renew this policy and you have no other insurance covering works which were contracted for, but were not published, printed, distributed, exhibited or displayed during he policy period, this policy shall continue to apply to claims arising out of utterances or disseminations of "matter" on or after the cancellation or expiration date of the policy, as applicable, until such time as you obtain such other insurance.
>
> If you cancel this policy, we shall be relieved from further liability of any kind, including, but not limited to, the duty to defend, as respects claims arising out of utterances or disseminations of "matter" on or after the cancellation date of the policy in works which were contracted for but which were not published, printed, distributed, exhibited or displayed during the policy period.

Id. at 7-8.

On December 27, 1999, Harvest House first published The Encyclopedia of Cults and New Religions (The Encyclopedia). Harvest House reprinted The Encyclopedia in June 2000, March 2001 and March 2002, without substantive changes from the 1999 printing. The Encyclopedia contains a chapter describing the beliefs and teachings of a religious organization known as The Local Church.

On December 31, 2001, The Local Church and other plaintiffs filed the complaint in the Texas libel case against Harvest House, John Ankerberg and John Weldon. The complaint alleges that "Within one year of the date of this Complaint, defendants published [T]he Encyclopedia," and defendants made defamatory

4 - ORDER

statements about plaintiffs in [T]he Encyclopedia. Complaint, Ex. B, ¶¶ 15-21.

Westport is participating in the defense of the Texas libel case subject to a complete reservation of rights. National Casualty Company, which insured Harvest House after the expiration of the policy issued by Westport, is also participating in the defense of the Texas libel case subject to a reservation of its rights.

## Discussion

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

The court is called upon to interpret the insurance policy issued by Westport. The parties agree that Oregon law applies. The interpretation of an insurance policy is a question of law. Hoffman Const. Co. v. Fred S. James & Co., 836 P.2d 703, 706 (Or. 1992). The court determines the intent of the parties by the terms and conditions of the policy. Id. Undefined terms are given their ordinary meaning. Clinical Research Institute of Southern Oregon, P.C. v Kemper Ins. Cos., 84 P.3d 147, 151 (Or. App. 2004). Competing plausible interpretations of terms are examined in light of the particular context of use, and the broader context of the policy as a whole. Hoffman, 836 P.2d at 706. "[W]hen two or more competing, plausible interpretations

prove to be reasonable after all other methods for resolving the dispute over the meaning of particular words fail," disputed language is interpreted against the insurer. Id. at 706-07.

Westport contends that the policy does not cover liability arising out of libel committed outside the policy period, and that the complaint in the Texas libel case seeks recovery for acts committed after the expiration of the policy period. Harvest House responds that the Media Liability provisions cover liability arising out of libel committed through the publication of works first published during the policy period, and that the complaint in the Texas libel case states a claim for libel based on publication of The Encyclopedia, a work first published during the policy period.

> Whether an insurer has a duty to defend presents a
> question of law, which is determined by comparing the
> terms of the insurance policy with the allegations of
> the complaint against the insured. If the complaint
> alleges facts that, if proved, would impose liability
> covered by the policy, the insurer must defend, even if
> some of the conduct alleged would not be covered.

Drake v. Mutual of Enumclaw Ins. Co., 1 P.3d 1065, 1068 (Or. App. 2000) (citations omitted).

Westport does not dispute, and the court finds, that the complaint states a claim for libel based on reprinting of The Encyclopedia in June 2000, after the expiration of the policy period. The court further finds that the Media Liability policy provisions plainly cover loss from reprinting outside the policy

6 - ORDER

period of books first printed during the policy period.  As noted, the policy covers the insured's loss sustained by reason of liability for damages for injury arising out of libel, "committed in the utterance or dissemination of 'matter'" in books first published or printed during the policy period. Complaint, ex. A. at 1-2.  It is undisputed that Harvest House first published The Encyclopedia during the policy period.

The complaint in the Texas libel case does not plead a claim outside the Media Liability coverage.  While there is an allegation (presumably for Texas statute of limitations purposes (see Tex. Rev. Civ. Stat. Ann. § 16.002 (Vernon 2005)) that Harvest House published The Encyclopedia within one year of the date of the complaint, the complaint does not allege that Harvest House did not first publish The Encyclopedia during the policy period, which all agree it did.  See GE Prop. & Cas. Ins. Co. v. Portland Cmty. Coll., 2005 WL 2044315, *3 (D.Or.) (duty to defend triggered despite absence of allegation of when triggering event occurred); see also Fireman's Fund Ins. Co. v. Ed Niemi Oil Co., Inc., 2005 WL 3050460, *7 (D.Or. 2005).

Westport argues that it is unreasonable to conclude that the parties contemplated Media Liability coverage in perpetuity.  The Media Liability is subject to terms and conditions, and is reasonable.  For example, there is a limit of liability of $2,000,000 per event.  Complaint, ex. A. at 1, 9.

7 - ORDER

At oral argument, counsel for Westport argued that the Nonrenewal provision evinces the parties' intent that the Media Liability provisions do not provide coverage for works not published, printed or distributed during the policy period. This argument is directly contradicted by the plain language of the Media Liability provisions. Harvest House offers a more plausible interpretation of the Cancellation and Nonrenewel provisions as limiting the applicability of the policy to certain works in the event of Westport's nonrenewal or Harvest House's cancellation. Regardless, any ambiguity resulting from the co-existence of the Media Liability and Cancellation and Nonrenewal provisions is resolved against Westport. <u>Hoffman</u>, 836 P.2d at 706-07. Westport has a duty to defend Harvest House in the Texas libel case.

Harvest House seeks declarations that (1) Westport is fully liable to defend the Texas libel case, (2) covered costs of defense in the Texas libel case are in addition to and not out of the Westport policy's limit of liability, and, (3) in the event that either (a) National Casualty's share of defense costs exceeds National Casualty's limit of liability, or (b) any ultimate award to plaintiffs in the Texas liable case, when combined with defense costs, should be claimed by National Casualty to impair Harvest House's right to the indemnity of the full limit of liability coverage from National Casualty (in

8 - ORDER

addition to Westport's coverage obligations), Harvest House is entitled to be held harmless by Westport for any reduction in coverage claimed by National Casualty on account of defense costs paid by National Casualty in the Texas liable case. Answer at 6-7, ¶ 4.

Harvest House is entitled to a declaration that Westport is obligated to pay all defense costs enumerated in Section I.C.3. of the Westport policy, subject to retention, and in addition to the policy limit of liability. Complaint, Ex. A. at 4. The third declaration sought by Harvest House appears to ask for an advisory opinion. Coverage is not established under the National Casualty policy. National Casualty is not a party to this case and is participating in the defense of Harvest House in the Texas libel case under a reservation of rights. The court expresses no opinion as to whether or what extent National Casualty may be liable to Harvest House or liable for contribution to Westport. The court expresses no opinion as to whether Harvest House is entitled to be held harmless by Westport for any reduction in coverage claimed by National Casualty on account of defense costs paid by National Casualty in the Texas libel case.

## Conclusion

Based on the foregoing, Harvest House's motion for summary judgment [#16] is granted in part and denied in part; Westport's

///

9 - ORDER

motion for summary judgment [#22] is denied. The court will issue a declaratory judgment forthwith.

IT IS SO ORDERED.

DATED this 15th day of March, 2006.

                                          /s/ Michael R. Hogan
                                          United States District Judge